UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY S. ANDERSON,

    Plaintiff,

  v.

DAVID SOUKUP, *et al.*,

    Defendants.

Case No. C07-5350 RJB/KLS

ORDER TO SHOW CAUSE

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Before the Court for review is Plaintiff's proposed civil rights complaint in which Plaintiff names David Soukup, Thurston County Jail Medical Staff, Robert Jimmerson and two unknown Thurston County Police Officers. (Dkt. # 1). Plaintiff has brought this action under 42 U.S.C. § 1983, but appears to challenge the validity of his arrest and current incarceration at the Thurston County jail without bail. The Court finds that Plaintiff must show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.

## I. DISCUSSION

    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the

ORDER - 1

1  conduct complained of was committed by a person acting under color of state law and that (2)  the
2  conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of
3  the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*,
4  *Daniels v. Williams,* 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an
5  alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350,
6  1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

7  This action appears to challenge the propriety of charges filed in Washington state superior
8  court, seeking dismissal of that criminal case in this case.    It appears that Plaintiff is a pre-trial
9  detainee who has not yet been tried.  (Dkt. # 1at 4).  Plaintiff asks that this Court release him from
10 jail because he has been held in the Thurston County jail pending trial for six months with no bail,
11 his incarceration is unlawful, the arresting officer injured him, and he is being denied his
12 constitutional right to trial.  Plaintiff also requests that this Court remove his state court-appointed
13 lawyer from his case and it appears that he has initiated a grievance proceeding against his lawyer
14 with the Washington state bar.  (*Id*.).

15 Generally, federal courts will not intervene in a pending criminal proceeding absent
16 extraordinary circumstances where the danger of irreparable harm is both great and immediate.  *See*
17 *Younger v. Harris*, 401 U.S. 37, 45- 46 (1971);  *see also Fort Belknap Indian Community v.*
18 *Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), *cert. denied*, 116 S.Ct. 49 (1995) (abstention appropriate
19 if ongoing state judicial proceedings implicate important state interests and offer adequate
20 opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of*
21 *Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(*Younger* abstention doctrine applies when the following
22 three conditions exist: (1) ongoing state judicial proceeding;  (2) implication of an important state
23 interest in the proceeding;  and (3) an adequate opportunity to raise federal questions in the
24 proceedings).

25 Only in the most unusual circumstances is a petitioner entitled to have the federal court
26 intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been
27 appealed from and the case concluded in the state courts. *Drury v. Cox,* 457 F.2d 764, 764-65 (9th
28 ORDER - 2

Cir.1972).  See *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. *Younger,* 401 U.S. at 46, 53-54.

Accordingly, it is ORDERED:

1.   Plaintiff shall show cause why this complaint should not be dismissed.  A response is due by **September 7, 2007.**  If Plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the Court will enter a report and recommendation that the complaint be dismissed.

2.   The Court Clerk is directed to send a copy of this Order to Plaintiff.

DATED this  8th  day of August, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3