UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY S. ANDERSON,

    Plaintiff,

    v.

DAVID SOUKUP, *et al.*,

    Defendants.

Case No. C07-5350 RJB/KLS

ORDER GRANTING LEAVE TO AMEND COMPLAINT

Before the Court is Plaintiff's response to the Court's Order to Show Cause why the Plaintiff's civil rights complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. (Dkt. # 7). Having considered Plaintiff's proposed Complaint and his response, the Court finds that Plaintiff should be afforded an opportunity to file an amended complaint as more fully set forth herein.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is currently a prisoner at the Washington Corrections Center in Shelton, Washington. (Dkt. # 9). According to his Complaint, Plaintiff was arrested on January 13, 2007 by the Thurston County Sheriff in the City of Tumwater on a warrant and for eluding a police vehicle charge. (Dkt. # 4, p. 5). Plaintiff alleges that upon flight from the vehicle, he was chased to an irrigation pond, where he stumbled and fell into icy water. (*Id*.) Plaintiff alleges that a pursuing officer tazed him, even though Plaintiff was already incapacitated and was no longer a flight risk. (*Id*.). Plaintiff alleges further that the tazing affected his already injured neck by rupturing a nerve

ORDER

1 controlling feeling and motor skills to his left arm. (*Id.*).

2 In addition to the medical injury caused by the tazing, Plaintiff alleges that has been held in
3 the Thurston County jail since January 13, 2007 without bail. (*Id.*, p. 6). Plaintiff alleges that he
4 has been incorrectly charged with an additional felony, resulting in an improper change in status of
5 his crime to second degree. (*Id.*, p. 7). Plaintiff also alleges that his counsel has been ineffective in
6 assisting him in his defense and that the deputy prosecutor, David Soukup, was arrested on DUI
7 charges. (*Id.*). In light of these allegations, Plaintiff claims that he cannot hope to have a fair trial.
8 (*Id.*).

9 Plaintiff names as Defendants, David Soukup, Thurston County Jail Medical Staff, Robert
10 Jimmerson and two unknown Thurston County Police Officers. (*Id.*, p. 1). Plaintiff seeks (1)
11 release from jail during pre-disposition incarceration; (2) the removal of David Soukup as counsel
12 in his case; (3) $1,000 per day for the six months he has been held without bail; (4) $50,000.00 in
13 damages for the injury to his neck; (5) extra damages for being denied physical therapy; and (6) that
14 "this [be] perpetuated to insure this never happens to anyone in the future." (Dkt. # 1, p. 4).

15 On August 8, 2007, the Court directed Plaintiff to show cause why his Complaint should not
16 be dismissed for failure to state a claim under 42 U.S.C. § 1983, because Plaintiff appears to be
17 challenging the validity of his arrest and current incarceration at the Thurston County jail without
18 bail. (Dkt. # 5). The Court advised Plaintiff of the elements necessary to state a claim under 42
19 U.S.C. § 1983, and noted that if his action was to challenge the propriety of charges filed in
20 Washington state superior court, and sought dismissal of that criminal case in this case, such an
21 action would not lie in Section 1983. (*Id.*)

## DISCUSSION

23 Pro se litigants must be given leave to amend unless it is absolutely clear that an amendment
24 would be futile. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987). Construing Plaintiff's
25 Complaint (Dkt. # 4) as broadly as reasonable under the circumstances, the Court has interpreted it
26 to allege two possible claims of civil rights violations under 42 U.S.C. § 1983 as follows: (1) for the
27 use of excessive force by the two Thurston County police officers during Plaintiff's arrest; and (2)

28 ORDER

for inadequate medical treatment at the hands of the Thurston County Jail Medical Staff.

However, in order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

For example, although Plaintiff alleges inadequate medical treatment for wounds suffered at the hands of the police officers who arrested him, he makes no allegation of how any named defendant denied treatment, or delayed or interfered with treatment proscribed or ordered by medical personnel. (Dkt. # 4). Plaintiff names the "Thurston County Jail Medical Staff," as a Defendant in this action." (*Id.*). In order to set forth a claim against a municipality under § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). Municipal liability would not attach for acts of negligence by employees of the jail staff or for an unconstitutional act by a non policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles,* 885

ORDER

F.2d 1439, 1444 (9th Cir. 1989). There is no allegation that the jail staff were acting pursuant to any policy, custom, or pattern that violates plaintiff's civil rights, or that the medical department ratified any unlawful conduct.

Plaintiff will need to allege facts showing what treatment he asked for, what treatment was given and which individual defendant provided or denied the treatment.

As to the remainder of Plaintiff's claims, the Court finds that Plaintiff has failed to state a claim under Section 1983. Plaintiff's allegations of being improperly charged, of ineffective counsel and impropriety by the deputy prosecutor, all appear to relate to Plaintiff's ongoing criminal proceedings. (Dkt. # 4, pp. 6-7; Dkt. # 7). Plaintiff is actively engaged in filing claims for damages against Thurston County and pursuing grievances in state court. (Dkt. # 4, Attachments, pp. 2-3). As was previously explained to Plaintiff, federal courts will not generally intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *(*Dkt. # 5 at pp. 2-3). This is not the type of case where a federal court will intervene by way of injunction or habeas corpus before a case has properly been concluded in the state courts.

In addition, a claim that relates to the fact and duration of confinement is not cognizable in a civil rights action unless the inmate can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994). The proper avenue to challenge the fact or duration of confinement is to file a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, before a petition for writ of habeas corpus may be brought in federal court, state remedies must be exhausted. *Rose v. Lundy*, 455 U.S. 509 (1982).

Therefore, the only claims that appear to be independent from those claims that would be barred by *Younger v. Harris* and/or *Heck v. Humphrey*, are Plaintiff's claims of excessive force by the two Thurston County police officers during Plaintiff's arrest; and for inadequate medical treatment by Thurston County Jail Medical Staff. Plaintiff may pursue those causes of action here if he can amend his Complaint to properly cure the deficiencies in his Complaint identified herein.

ORDER

ACCORDINGLY, it is **ORDERED:**

(l) The Court declines to order that Plaintiff's Complaint be served on Defendants until he corrects the deficiencies identified herein;

(2) Plaintiff is instructed to file an amended complaint curing, if possible, the above-mentioned deficiencies by **November 30, 2007.** If an amended complaint is not timely filed, or if Plaintiff fails to adequately correct the deficiencies identified in this Order, the Court will recommend dismissal of this action as frivolous.

(3) The Clerk is directed to send Plaintiff a copy of this Order and the General Order.

DATED this 19th day of October, 2007.

*(signature)*
Karen L. Strombom
United States Magistrate Judge

ORDER