1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

JEFFREY S. ANDERSON,

Plaintiff,

Case No. C07-5350 RJB/KLS

8

9

v.

REPORT AND RECOMMENDATION

10

DAVID SOUKUP, *et al.*,

**Noted For: February 29, 2008**

11

DefendantS.

12

This matter comes before the Court on Plaintiff's failure to comply with the Court's Order

13

directing Plaintiff to file an amended complaint.  (Dkt. # 10).  Plaintiff was given until November

14

30, 2007 to file an amended complaint.  He has not done so nor has he requested an extension of

15

time within which to comply with the Court's Order.

16

**I.  DISCUSSION**

17

Plaintiff is currently a prisoner at the Washington Corrections Center in Shelton,

18

Washington.  (Dkt. # 9).  According to the allegations contained in Plaintiff's Complaint, Plaintiff

19

was arrested on January 13, 2007 by the Thurston County Sheriff in the City of Tumwater on a

20

"warrant and for eluding a police vehicle charge."  (Dkt. # 4, p. 5).   When he ran from the vehicle

21

he was chased to an irrigation pond where he stumbled and fell into icy water.  (*Id.*)  He asserts that

22

a pursuing officer tazed him, even though Plaintiff was already incapacitated and was no longer a

23

flight risk.  (*Id.*).  Plaintiff alleges further that the tazing affected his already injured neck by

24

rupturing a nerve, which controls feeling and motor skills to his left arm.  (*Id.*).

25

26

ORDER - 1

1    In addition to the medical injury caused by the tazing, Plaintiff alleges that has been held in

2    the Thurston County jail since January 13, 2007 without bail.  (*Id.*, p. 6).  Plaintiff claims he has

3    been incorrectly charged with an additional felony, resulting in an improper change in status of his

4    crime to second degree.  (*Id.*, p. 7).  Plaintiff also alleges that his counsel has been ineffective in

5    assisting him in his defense and that the deputy prosecutor, David Soukup, was arrested on DUI

6    charges.  (*Id.*).  In light of these allegations, Plaintiff claims that he cannot hope to have a fair trial.

7    (*Id.*).

8    Plaintiff names as Defendants, David Soukup, Thurston County Jail Medical Staff, Robert

9    Jimmerson and two unknown Thurston County Police Officers.  (*Id.*, p. 1).  Plaintiff seeks (1)

10   release from jail during pre-disposition incarceration; (2) the removal of David Soukup as

11   prosecutor in his case; (3) $1,000 per day for the six months he has been held without bail; (4)

12   $50,000.00 in damages for the injury to his neck; (5) extra damages for being denied physical

13   therapy; and (6) that "this [be] perpetuated to insure this never happens to anyone in the future."

14   (Dkt. # 1, p. 4).

15   On August 8, 2007, the Court directed Plaintiff to show cause why his Complaint should not

16   be dismissed for failure to state a claim under 42 U.S.C. § 1983, because Plaintiff appears to be

17   challenging the validity of his arrest and current incarceration at the Thurston County jail without

18   bail.  (Dkt. # 5).  The Court advised Plaintiff of the elements necessary to state a claim under 42

19   U.S.C. § 1983, and noted that if Plaintiff was seeking dismissal of an ongoing criminal action in

20   Washington state court, such an action would not lie in Section 1983.  (*Id.*)

21   The Court construed Plaintiff's Complaint (Dkt. # 4) as broadly as reasonable under the

22   circumstances and concluded that Plaintiff had alleged two possible claims of civil rights violations

23   under 42 U.S.C. § 1983, including a claim of excessive force by the two Thurston County police

24   officers during Plaintiff's arrest and a claim of inadequate medical treatment at the hands of the

25   Thurston County Jail Medical Staff.  (Dkt. # 10, pp. 2-3).  Plaintiff was granted leave to pursue

26   ORDER - 2

1   those causes of action if he could amend his Complaint to properly cure the deficiencies as outlined

2   in the Court's Order granting leave to amend.  (*Id*.)

3        For example, Plaintiff was advised that although he alleged inadequate medical treatment

4   for wounds suffered at the hands of the police officers who arrested him, his Complaint lacked

5   allegations of how any named defendant denied treatment, or delayed or interfered with treatment

6   proscribed or ordered by medical personnel.  (*Id*., p. 3, *citing* Dkt. # 4).   In addition, Plaintiff was

7   advised that naming the "Thurston County Jail Medical Staff," as a Defendant was insufficient

8   without allegations that the jail staff were acting pursuant to any policy, custom, or pattern that

9   violates plaintiff's civil rights, or that the medical department ratified any unlawful conduct. *Id*.

10  Plaintiff was also advised of the need to allege facts showing what treatment he asked for, what

11  treatment was given and which individual defendant provided or denied the treatment.  *Id,* p. 4.

12        Plaintiff was instructed to file an amended complaint curing, if possible, the deficiencies

13  outlined in the Court's Order by November 30,2 007.  *Id*., p. 5.  He has not done so nor has he

14  requested an extension of time within which to comply with this Court's Order.  Accordingly, this

15  Court recommends that this action should be dismissed as frivolous for failure to state a claim and that

16  the dismissal should be counted as a strike pursuant to 28 U.S.C. 1915(g).

17                    **II.  CONCLUSION**

18        Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action

19  should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28**

20  **U.S.C. 1915 (g)**. A proposed order accompanies this report and recommendation.

21        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

22  the parties shall have ten (10) days from service of this Report and Recommendation to file written

23  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

24  objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

25  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February**

26  ORDER - 3

1    **29, 2008**, as noted in the caption.

2           DATED this 4th  day of February, 2008.

3

4

5           Karen L. Strombom
             United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 4